**Astrid Arneth Roa MENDEZ, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,[*] Respondent.**

No. 03–41063.

United States Court of Appeals, Second Circuit.

March 2, 2006.

---

1. The official caption lists "William Murphy, District Attorney for Ricnmond County." The caption above corrects the typographical error.

[*] The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Anne R. Schultz, Kathleen M. Salyer, Assistant United States Attorneys, (Marcos Daniel Jimenez, United States Attorney for the Southern District of Florida, on the brief) Miami, FL, for Respondent.

PRESENT: ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges, and EDWARD R. KORMAN, District Judge.**

## SUMMARY ORDER

■ At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 2nd day of March, two thousand and five.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition be, and it hereby is, **DENIED.**

Petitioner Astrid Arneth Roa Mendez, a citizen of Guatamala, petitions for review of the November 24, 2003 decision of the Board of Immigration Appeals ("BIA") denying her claims for relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

** The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

L. No. 105–100, 111 Stat. 2160 (1997), amended by Pub. L. No. 105–139, 111 Stat. 2644 (1997), and the International Convention on the Rights of the Child ("ICRC"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues.

We have jurisdiction to review Roa Mendez's claim for relief under NACARA because it raises a question of statutory interpretation. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 177—78 (2d Cir.2006). Nevertheless, we conclude this claim is without merit. Roa Mendez is ineligible for relief under NACARA because she was "apprehended after December 19, 1990, at time of entry," regardless of whether she had already met the residency requirements at that time. 8 U.S.C. § 1101(c)(5)(C).

Roa Mendez's ICRC claim must also fail because, even if the ICRC would provide a basis to loosen the eligibility requirements for Special Rule consideration, the denial is independently supported by the BIA's discretionary determination that she would not otherwise qualify for Special Rule relief. There is no legal basis for a claim that the ICRC creates an independent basis for relief from removal.

For the foregoing reasons, the petition for review is DENIED. Accordingly, Roa Mendez's motion for a stay of removal is DENIED as moot.